# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444
dstein@steinllp.com

Attorneys for Plaintiff

| | |
|---|---|
| Dawn White,<br><br>    Plaintiff,<br><br>        - vs. –<br><br>Intercontinental Capital Group, Inc.,<br><br>    Defendant. | DOCKET NO. 22-CV-4080<br><br>**COMPLAINT** |

Plaintiff Dawn White, by and through her undersigned attorneys, for her complaint against defendant Intercontinental Capital Group, Inc., alleges as follows:

## **NATURE OF THE ACTION**

1. Plaintiff Dawn White alleges that she is entitled to: (i) unpaid wages from defendant for overtime work for which she did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., because defendant' violations lacked a good faith basis.

2. Ms. White further complains that she is entitled to (i) back wages lost because of her unlawful termination in violation of the FMLA, 29 U.S.C. §§2611 *et seq*; (ii) front wages lost because of her unlawful termination; (iii) interest; and (iv)

liquidated damages pursuant to the FMLA for these violations because they were willful.

## THE PARTIES

3. Plaintiff Dawn White is an adult individual residing in North Carolina.

4. Upon information and belief, defendant Intercontinental Capital Group, Inc. ("Intercontinental") is a New York corporation with a principal place of business at 265 Broadhollow Road, Suite 220, Melville, NY, 11747.

5. At all relevant times, defendant Intercontinental has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

6. Upon information and belief, at all relevant times, Intercontinental has had gross revenues in excess of $500,000.00.

7. Upon information and belief, at all relevant times herein, Intercontinental has used goods and materials produced in interstate commerce in the course of its business, such as office equipment, computers, and the like, and has employed two or more individuals who handled these goods and materials.

8. Upon information and belief, at all relevant times, Intercontinental has constituted an "enterprise" as defined in the FLSA.

9. Defendant constituted an "employer" of Dawn White as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendant' business is located in this district.

## FACTS

12. At all relevant times herein, defendant has owned and operated a nationwide mortgage lending company with a headquarters in Melville, New York.

13. Ms. White was employed as a mortgage underwriter at defendant's Melville office, although she actually performed her work remotely.

14. This job was a non-exempt position, as stated by defendant in its offer letter, and Ms. White was compensated on an hourly basis.

15. Ms. White was employed by defendant from approximately May 2020 through January 2022.

16. At all relevant times herein, Ms. White was an employee engaged in interstate commerce, as defined in the FLSA and its implementing regulations; in particular, she used means of interstate communication including the phone and the Internet to perform her job and communicate with defendant's Melville office from her homes in either New Jersey or North Carolina.

17. Ms. White was scheduled to work a regular schedule of 40 hours per week, Monday through Friday, during normal business hours of 9:30 a.m. to 6:00 p.m.

18. Ms. White in fact worked those hours.

19. However, she routinely worked nights and weekends as well; as a result, virtually every week of her employment she was working overtime.

20. When Ms. White performed work in the evenings, she was credited with her work hours and properly paid overtime; she worked — and was credited with working, and was paid for — at least 1,000 evening overtime hours during her employment.

21. However, when Ms. White worked weekends, she was not properly paid for her overtime. For roughly the first year of her employment, she worked about 10 hours virtually every weekend; after that, her workload increased and she worked around 14 hours each weekend.

22. Rather than paying her for her actual weekend hours worked, defendant credited Ms. White for working just 30 minutes for each loan file on which she worked, even though each file took roughly 1½ to 2 hours to complete.

23. As a result, Ms. White was only paid for a few hours each weekend out of the 10 to 14 hours she was working; the roughly 7 to 10 unpaid hours were overtime hours for which she was not receiving time-and-a-half her regular rate of pay.

24. In order to conceal the fact that it was not paying Ms. White for all her overtime hours, defendant instructed plaintiff not to log in her hours on weekends.

25. Defendant willfully failed to pay Ms. White the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA.

26. Upon information and belief, while defendant employed Ms. White, defendant failed to maintain accurate and sufficient time records or provide accurate records to Ms. White.

27. By September of 2021, Ms. White had worked in excess of 12 months and 1,250 hours within the preceding year, and she was assigned to a worksite that had more than 50 employees within a 75 mile radius.

28. In or about September 2021, Ms. White applied for, and was approved for, FMLA leave.

29. At various times over the next two months, Ms. White in fact took FMLA leave.

30. Before Ms. White took FMLA leave, there were no issues with her job performance, and she had previously received a positive evaluation.

31. However, when she returned from that leave in or about December 2021, Ms. White's supervisor began criticizing Ms. White's job performance for the first time.

32. At one point, Ms. White explained that during the time period she was using FMLA leave, she had missed training that the company had provided to the other mortgage underwriters.

33. Ms. White requested that she be given the required training, in order to enable her to do her job.

34. However, defendant refused to provide her with that training.

35. In addition, defendant's supervisor made hostile comments about Ms. White's having been absent from work.

36. Shortly thereafter, defendant terminated Ms. White's employment, purportedly for her performance.

37. Upon information and belief, defendant terminated Ms. White both because of the fact that she had taken FMLA leave, and because of the fact that she had not received necessary training because she had been out on FMLA leave.

## COUNT I

### (Fair Labor Standards Act - Overtime)

38. Ms. White repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

39. At all relevant times, defendant employed Ms. White within the meaning of the FLSA.

40. At all relevant times, defendant had a policy and practice of refusing to pay overtime compensation to Ms. White for all the hours she worked in excess of forty hours per workweek.

41. As a result of defendant's failure to compensate Ms. White at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendant has violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. Due to defendant's FLSA violations, Ms. White is entitled to recover from defendant her unpaid overtime compensation, an additional equal amount as

liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (Family and Medical Leave Act - Retaliation)

44. Ms. White repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

45. At all relevant times, Ms. White was employed by defendant.

46. At all relevant times, defendant was a covered employer under the Family and Medical Leave Act, with more than 50 employees within a 75 mile radius of its offices.

47. Ms. White took leave from her employment with defendant pursuant to the Family and Medical Leave Act.

48. When Ms. White returned to work at defendant from her FMLA leave, defendant took adverse action against her.

49. The foregoing conduct, as alleged, constituted unlawful retaliation in violation of 29 U.S.C. § 2615.

50. Defendant's retaliation against Ms. White was willful.

51. Due to defendant's violations of the FMLA, Ms. White is entitled to recover from defendant back pay, front pay, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to 29 U.S.C. § 2617.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. White respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and FMLA;

b. An injunction against defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA;

d. An award of liquidated damages as a result of defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. Back pay;

f. Front pay;

g. Punitive damages;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other, further, and different relief as this Court deems just and proper.

Dated: March 4, 2022

*David Stein*

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Plaintiff