# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dawn White,<br><br>    Plaintiff,<br><br>- vs. –<br><br>Intercontinental Capital Group, Inc.,<br><br>    Defendant. | DOCKET NO. 22-CV-4080 (GRB)(LGD)<br><br>**DEFAULT JUDGMENT** |

Having reviewed all of the moving papers, I hereby find as follows:

### *Service of Process and Default*

X    The record reflects that proper service was made on defendant. Docket Entry ("DE") 13-2

X    According to the record, no answer, motion or other appearance was filed on behalf of defendant.

X    The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a).

### *Liability*

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2nd Cir. 2004). Nevertheless, the Court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2nd Cir. 2009). Based upon examination of the complaint and motion papers, I find that plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the defendant's liability on the following cause(s) of action:

Count 1: Failure to pay overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

Count 2: Retaliation — in the form of termination — for exercising plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2615.

DE: 13-1, 14

*Damages*

Based upon a review of affidavits and other documentary evidence, *see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2nd Cir. 1997) (holding a court may rely upon affidavits and documents in calculating damages upon default), I find that the plaintiff has established damages in the following amounts:

X   Principal damages, DE: 13, 13-4, 13-5, 14

    Count 1:                                                                                                    $83,271.54
        Basis: Uncompensated overtime, and liquidated damages for the same

    Count 2:                                                                                                   $170,764.80
        Basis: Lost wages resulting from plaintiff's termination

_   Prejudgment interest: Plaintiff is not seeking prejudgment interest.

_   Attorneys' Fees: Plaintiff is not seeking attorneys' fees

X   Costs, DE: 13, 13-6                                                                                                  $502.00[5]
    1.  Filing Fee: $402
    2.  Process Server Fee: $100

**TOTAL**                                                                                                                $254,538.34

*Conclusion*

For the foregoing reasons, the undersigned grants plaintiffs' motion, and awards damages in a manner consistent with this opinion.

**SO ORDERED**

_____       _____
Gary R. Brown, United States District Judge          Date

---

[5] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2nd Cir. 1973)("costs" generally include such expenses as filing fees).